**IT IS ORDERED as set forth below:**



**Date: August 10, 2023**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | : | |
| | : | CASE NO. **22-54152-PMB** |
| **TERRENCE H. JOHNSON,** | : | |
| | : | CHAPTER 13 |
| Debtor. | : | |
| | : | |
| **SONJALYN A. JOHNSON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | ADVERSARY PROCEEDING |
| v. | : | |
| | : | NO. **22-5125** |
| **TERRENCE H. JOHNSON,** | : | |
| | : | |
| Defendant. | : | |

**ORDER (I) DISMISSING COMPLAINT WITH LEAVE TO REPLEAD,
(II) DENYING MOTION OBJECTING TO DISCHARGEABILITY OF DEBT
WITHOUT PREJUDICE, AND (III) GRANTING MOTION TO QUASH SUBPOENA**

The Plaintiff named above, Sonjalyn A. Johnson (the "Plaintiff"), who is *pro se*, initiated this proceeding (the "Adversary Proceeding") by filing documents construed by the Court as a

*Complaint to Determine Dischargeability of Debt* on September 6, 2022 (Docket No. 1)(the "Complaint"). Terrence H. Johnson, the above-named Debtor (the "Defendant" or the "Debtor"),[1] filed *Defendant's Answer and Counterclaim to Complaint* on October 4, 2022 (Docket No. 4)(the "Answer").[2] The Plaintiff and the Debtor are former spouses.

In the Complaint, the Plaintiff asks that certain marital obligations owed to her by the Debtor not be discharged – perhaps under 11 U.S.C. § 523(a)(15).[3] The obligations in issue arise under a *Final Judgment and Decree of Divorce* dated May 4, 2022, entered in Civil Action No. 2020CV342984 in the Superior Court of Fulton County, Georgia (the "Divorce Decree"), a copy of which is attached to the Complaint.

In apparent further support of her request that her claims not be discharged, the Plaintiff also filed in this Adversary Proceeding a *Motion to Object to Dischargeability of Debt* on March 28, 2023 (Docket No. 16)(the "Motion Objecting to Dischargeability"), asserting that the debt to her is not dischargeable under 11 U.S.C. § 523(a)(2)(A). In addition, the Plaintiff filed in the underlying bankruptcy case (the "Main Case") an *Objection to Confirmation of the Plan* on March 28, 2023 (Main Case Docket No. 32) in which she asserts, among other things, the Debtor's failure to provide proof of income or to provide information regarding other sources of income, benefits,

---

[1] The Debtor originally filed this case under Chapter 7 on June 2, 2022. A discharge was granted on September 13, 2022, and the case was closed. Thereafter, the case was reopened on motion of the Debtor and converted to a case under Chapter 13 on January 11, 2023. *See* Main Case Docket No. 23. The Chapter 7 discharge was subsequently vacated. *See infra*, p. 4

[2] In the Answer, the Debtor seeks attorneys' fees and reserves the right to amend the Answer and to file a counterclaim as evidence may become available. To date, no counterclaim has been filed.

[3] This conclusion rests on the fact that the Plaintiff checked the box designating Section 523(a)(15) on her Adversary Cover Sheet; however, she otherwise made no allegations supporting this designation or included any related prayer for relief in her papers. Although Section 523(a)(15) applies in cases under Chapter 7 (which this case was when this Adversary Proceeding was filed), it does not apply in this Chapter 13 case. *See* 11 U.S.C. § 1328(a)(2).

2

or tax refunds, failure to provide information regarding taxes, and failure to list his obligation to the Plaintiff as a domestic support obligation.

Also in the Main Case, the Plaintiff filed an amended Proof of Claim on February 21, 2023 under Section 507(a)(1), asserting that the Debtor's obligation under the Divorce Decree in the amount of $16,942.50 is a Domestic Support Obligation ("DSO") entitled to priority treatment (Claim No. 8)(the "Plaintiff's Claim").[4]  In response, the Debtor filed an *Objection to Proof of Claim of Sonjalyn A. Johnson, Claim Number 8* on March 1, 2023 (Main Case Docket No. 31)(the "Objection to Claim").  In the Objection to Claim, the Debtor argued that the underlying obligation supporting the Plaintiff's Claim does not constitute a DSO entitled to priority treatment under Section 507(a)(1)(A) or (a)(1)(B) as it is not in the nature of alimony or support, but is instead a claim based on the division of marital debt.  As such, the Debtor asserted that the Plaintiff's Claim was not entitled to priority status for purposes of distribution nor properly characterized as a nondischargeable support obligation.

Finally, on May 25, 2023, the Debtor filed *Defendant's Motion To Quash & Objection To: Plaintiff's Subpoena To Produce Documents, Information, Or Objects Or To Permit [sic] Inspection Of Premises In A Bankruptcy [sic] Case (Or Adversary Proceeding)*(Docket No. 19)(the "Motion to Quash").

---

[4] The Plaintiff's Claim is based on the Divorce Decree, which provides for the division of certain marital debts, including tax obligations, and attorneys' fees.  A DSO is defined in 11 U.S.C. § 101(14A), which provides in part that it is a debt owed to a spouse or former spouse that is "in the nature of alimony, maintenance, or support…of such spouse" as established by a divorce decree or court order.

3

The Court held a virtual status conference in the Adversary Proceeding along with a virtual hearing on (i) confirmation of the Debtor's Chapter 13 plan and related objections,[5] (ii) the Chapter 13 Trustee's *Motion to Vacate Debtor's Chapter 7 Discharge, or in the Alternative, Motion Objecting to Debtor's Chapter 13 Discharge* filed on February 21, 2023 (Main Case Docket No. 30)(the "Motion to Vacate Discharge"), and (iii) the Objection to Claim on June 8, 2023, commencing at 9:30 A.M. (the "Hearing").  The Plaintiff, counsel for the Debtor, and counsel for the Chapter 13 Trustee attended the Hearing.  At the Hearing, the Court determined that the Objection to Claim should be sustained and the Debtor's Chapter 13 Plan confirmed.  The Court further determined that the resolution of the Objection to Claim also resolved the issues raised in this Adversary Proceeding to the extent the Plaintiff sought to have the obligations to her excepted from discharge as marital obligations.  As a result, the Court indicated it would enter an order addressing the issues involved in the Adversary Proceeding, including the Motion to Quash. This is that order.

Following the Hearing, the Court entered an order confirming the Debtor's Chapter 13 Plan (Main Case Docket No. 38) and one vacating the Debtor's Chapter 7 discharge (Main Case Docket No. 41).  On June 15, 2023, the Court entered an *Order on Objection to Proof of Claim of Sonjalyn A. Johnson, Claim Number 8 (Dkt. No. 31)*, (Main Case Docket No. 42)(the "Order"), sustaining the Objection to Claim and concluding that the Plaintiff's Claim is not a DSO.  Instead, the Plaintiff's Claim arises from a division of marital debt and is ineligible for treatment as a priority

---

[5] The Chapter 13 Trustee had also filed an *Objection to Confirmation and Motion to Dismiss* on February 17, 2023 (Main Case Docket No. 29).

claim under Section 507(a)(1)(A). *See also* 11 U.S.C. § 1322(a)(2). The Plaintiff's Claim was thus allowed as a general unsecured claim.

Based on this finding, the Court similarly concludes herein that the Plaintiff is not entitled to relief on her Complaint under either Section 523(a)(15) or Section 523(a)(5). As noted *supra*, n. 3, Section 523(a)(15) does not apply in this Chapter 13 case. With regard to Section 523(a)(5), which was not expressly pled by the Plaintiff but also addresses the dischargeability of certain marital obligations, the dischargeability of a debt is a separate question from the allowance or disallowance of a claim, and it does not necessarily follow that the disallowance of a claim means it is also not excepted from discharge. *See Fla. Dep't of Revenue v. Diaz (In re Diaz)*, 647 F.3d 1073, 1090 (11th Cir. 2011).

Due to their nearly identical language, however, "application of § 507(a)(7) [now set forth in Section 507(a)(1)] should be coincidental with application of § 523(a)(5)." *In re Chang*, 163 F.3d 1138, 1142 (9th Cir. 1998); *see also In re Nelson,* 451 B.R. 918 (Bankr. D. Or. 2011)(in deciding whether divorce-related obligation is a DSO, court looks to interpretation of DSOs in nondischargeability cases); *In re Foster*, 292 B.R. 221 (Bankr. M.D. Fla. 2003)(holding attorneys' fees in representing ex-wife entitled to priority citing case authority in analogous setting of Section 523(a)(5) deeming such fees nondischargeable); *In re Bolar*, 2008 WL 7880900 (Bankr. N.D. Ga. Nov. 5, 2008), citing *In re Boller*, 393 B.R. 569 (Bankr. E.D. Tenn. 2006). In other words, the Court having found that the Plaintiff's Claim as pled is not a DSO and cannot be allowed as a priority claim on that basis, and since the legal standard is similar for claim allowance and for dischargeability in this setting, this finding also applies to the dischargeability of the Plaintiff's

Claim on such basis. This decision would conclude the Adversary Proceeding, but for the Motion Objecting to Dischargeability.

The Plaintiff's allegations in the Motion Objecting to Dischargeability may be likened to an amendment to her Complaint asserting that the Plaintiff's Claim is based on an agreement induced by fraud and is thus nondischargeable under Section 523(a)(2)(A).[6] An obligation is not excluded from consideration under Section 523(a)(2)(A) just because it is marital obligation. *See In re Bethel*, 302 B.R. 205, 207 (Bankr. N.D. Ohio 2003). This exception provides that "a discharge…does not discharge…any debt… (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by— (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A)(applicable herein through 11 U.S.C. § 1328(a)(2)).[7] A debt is excepted from discharge when it occurs "in relation to the commission of 'positive or actual fraud involving moral turpitude or intentional wrongdoing.'" *Invest Atlanta Reg'l Center, LLC v. Smith (In re Smith)*, 578 B.R. 866, 875 (Bankr. N.D. Ga. 2017)(citations omitted). Further, "'legal or constructive fraud, which involves an act contrary to a legal or equitable duty that has a tendency to deceive, yet not originating in an actual deceitful design, is insufficient.'" *Id.* at 876 (citations omitted).

---

[6] "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *In re Ankoanda*, 495 B.R. 599, 603 (Bankr. N.D. Ga. 2013), quoting *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(citation omitted).

[7] Based on the presumption under 11 U.S.C. § 727(b) that all debts are dischargeable, a party contending to the contrary under an exception to dischargeability bears the burden of proof and must establish its claim by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287-88, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

6

To succeed on a claim under Section 523(a)(2)(A), a creditor must show that the debtor "'obtained money, property or credit from the Plaintiff: (1) by false representation, pretense, or fraud; (2) knowingly made or committed; (3) with the intent to deceive or to induce acting on same; (4) upon which the Plaintiff actually and justifiably relied; and (5) from which the Plaintiff suffered damages, injury or loss as a proximate result.'" *Id.* at 876 (citations omitted). Proof of false representation under Section 523(a)(2)(A) requires "more than an alleged representation by a debtor of an intent to perform a certain action in the future." *Smith*, *supra*, 578 B.R. at 876, citing *Wells Fargo Bank, N.A. v. Farmery (In re Farmery)*, 2014 WL 2986630, *2 (Bankr. N.D. Ga. Apr. 11, 2014)(other citations omitted).

Rather, it must be shown that "at the time when the Debtor entered" into the agreement underlying the Divorce Decree he "either knew that [he] lacked the ability" to pay the Plaintiff "or that [he] had no intent" to pay. *See Smith*, *supra*, 578 B.R. at 876, citing *Bropson v. Thomas (In re Thomas)*, 217 B.R. 650, 653 (Bankr. M.D. Fla. 1998); *American Surety & Cas. Co. v. Hutchinson (In re Hutchinson)*, 193 B.R. 61, 65 (Bankr. M.D. Fla.1996). In addition, "an inability to pay in and of itself does not support an inference that the Debtor never intended" to perform. *Smith, supra*, 578 B.R. at 877, citing *Farmery*, *supra*, at *2.

"'Because a debtor is unlikely to testify directly that his intent was fraudulent, the courts may deduce fraudulent intent from all the facts and circumstances of a case.'" *In re Butler*, 277 B.R. 843, 849 (Bankr. M.D. Ga. 2002), quoting *Devers v. Bank of Sheridan, Montana (In re Devers),* 759 F.2d 751, 754 (9th Cir.1985). Although the time span between the divorce and the bankruptcy filing is not dispositive, a relatively short interval raises sufficient suspicion to support a reasonable inference that a debtor did not intend to perform his obligations at the time of a divorce

decree. This inference is especially strong when a debtor's financial condition did not change appreciably between the time of these two events. *Butler*, *supra*, 277 B.R. at 849, quoting *Lumpkin v. Lumpkin*, 173 Ga.App. 755, 328 S.E.2d 389, 391 (1985)(relevance of sequence of events in evaluating intent).

Of course, each case is dependent on its facts and a debtor's failure to make payments and instead file for bankruptcy relief could result from financial inability despite best intentions to comply with the terms of a divorce decree assigning responsibility for certain marital obligations. *Compare Butler, supra* (financial inability and lack of justifiable reliance); *In re Young*, 181 B.R. 555, 558 (Bankr. E.D. Okla. 1995)(four months between events, debt not excepted from discharge); and *In re Brasher*, 20 B.R. 408 (Bankr. W.D. Tenn. 1982)(twenty days, debtor extracted waiver of alimony based on promise to pay joint debt – held nondischargeable under Section 523(a)(2)(A)).

Here, the Debtor does appear to have intended, relatively contemporaneously with his entering into the Divorce Decree with the Plaintiff,[8] to file for bankruptcy, and to address his liabilities arising from the Divorce Decree in this forum. In that regard, the Plaintiff appears to have adequately pled that the Debtor intentionally made false representations about his intention to repay those obligations. The difficulty with the Plaintiff's case is the satisfaction of the other elements of Section 523(a)(2)(A). First, the Divorce Decree may not create new obligations, as

---

[8] Although this case was filed approximately thirty (30) days after the parties entered into the Divorce Decree, the required credit counseling was taken two (2) days after the Divorce Decree (*see* Main Case Docket No. 1 (Statement of Financial Affairs, Questions 9 & 16)) and (Main Case Docket No. 5 (Credit Counseling Certificate)), suggesting very strongly that the bankruptcy case was contemplated by the Debtor when he consented to entry of the Divorce Decree.

it merely allocates responsibility for the existing obligations of the Plaintiff and the Debtor as between them and allocates that responsibility 50/50.  Further, and more importantly, it is not clear in what respect the Plaintiff relied on the representations to her detriment, or in what way the Plaintiff was proximately caused any damage by the misrepresentations.  Before entry into the Divorce Decree the Debtor had an unliquidated obligation to the Plaintiff related to their joint and individual marital debts that would have been dischargeable in a Chapter 13 bankruptcy case.  By agreeing to a 50/50 shared responsibility for those obligations, the Plaintiff is in no worse a situation that she was before the agreement, because all the Debtor obligations to her (whatever their amount) are dischargeable in this Chapter 13 case.   The only caveat to this observation would be if in negotiating the Divorce Decree, the Plaintiff traded off nondischargeable claims for alimony for the dischargeable obligations set forth in the Divorce Decree; however, the Plaintiff has not alleged that this occurred.   Because she has not made allegations that would satisfy several elements of a claim under Section 523(a)(2)(A), the Motion Objecting to Dischargeability must be denied without prejudice in its current form.

Further, to the extent the Plaintiff's allegations are objections to discharge for the Debtor's purposeful omission and failure to disclose employment income, veteran's benefits, and COVID relief funds, they are without legal support.   In cases under Chapter 13, Section 1328 provides the basis for a debtor's discharge with limited exceptions.   There is no basis under Section 1328 for asserting an objection to discharge on the grounds listed in Section 727, such as concealing property or failing to disclose information regarding property.  Section 103(b) of the Bankruptcy Code provides that subchapters I and II of Chapter 7, the latter of which includes Section 727,

apply only in cases under Chapter 7. *See Ankoanda*, *supra*, 495 B.R. at 606, cited in *In re Gamboa*, 2020 WL 4778158 (Bankr. W.D. Okla. Aug. 17, 2020).[9]

Finally, regarding the Motion to Quash, the Debtor states he was served with a subpoena by the Plaintiff on or about May 15, 2023, and that it is burdensome, untimely, and requests irrelevant information. From a review of the docket, it appears that discovery in this Adversary Proceeding ended on April 14, 2023. *See Rule 26(f) Conference Report* (Docket No. 8) and *Order on Rule 26(f) Report* entered on January 3, 2023 (Docket No. 14). Thus, the subpoena is untimely. As a party, the Plaintiff could have sought to depose the Debtor, served written interrogatories, or served requests for production all without seeking a subpoena during the discovery period. In any event, on review the Court finds sufficient grounds to grant the Motion to Quash.

In view of the foregoing, it is

**ORDERED** that the Motion Objecting to Dischargeability is **DENIED without prejudice** as provided herein, and it is further

**ORDERED** that to the extent it is not already moot given the disposition of this Adversary Proceeding provided below, the Motion to Quash is **GRANTED,** and it is further

**ORDERED that the Complaint is DISMISSED, provided, however, that the Plaintiff shall have thirty (30) days from the date of entry of this Order to amend her Complaint to assert a viable claim under 11 U.S.C. § 523(a)(2)(A).**

---

[9] As the Court advised the Plaintiff at the Hearing, if she has concerns regarding the Debtor's alleged concealment of assets, or not filing this case or his plan in good faith in possible violation of Sections 1325(a)(3), (a)(7), and/or (b), she should report them promptly to the Chapter 13 Trustee for further investigation. For instance, an action to revoke confirmation might be asserted if properly supported by the evidence. *See* 11 U.S.C. § 1330.

The Clerk is directed to serve a copy of this Order upon the Plaintiff, the Debtor, counsel for the Debtor, the Chapter 13 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**